22-6126. Ms. Yaffe? Good morning, Your Honors, and may it please the Court, Counsel. I'm Leah Yaffe, and I represent Mr. Daunte Griffin. This is a sufficiency of the evidence case with respect to Mr. Griffin's conviction for Oklahoma indecent exposure after he masturbated in the common area of a federal transfer center. And on appeal, he's asking this Court to vacate his conviction because the evidence and the District Court's fact findings about the evidence demonstrate that he was trying to conceal his genitals, and concealment is what is required under Oklahoma law. I mean, I think both parties agree, you know, that an inadvertent unintentional exposure does not meet the requirements of the statute. Rather, the exposure... This is hardly unintentional. I disagree with that, Your Honor. You don't do this out sitting in a public area. I agree to the extent that he was intentionally masturbating, and that that is inappropriate. I'm going to understand why it made the correctional officers uncomfortable if you're here on a public masturbation conviction. Well, we wouldn't be here if he had been convicted of public masturbation. What he's convicted of is an exposure crime, and that requires not just that he engage in improper conduct, not just that he do something that makes someone uncomfortable, but that he willfully and knowingly exposed his genitals, and that's inconsistent with the evidence here. You know, the surveillance video, the witness  testimony that he was trying to conceal his actions. Trying to unsuccessfully conceal his actions. Yes, at the end there is an exposure, but the point is that the exposure has to be willful and knowing, so taking Your Honor's premise, if he's unsuccessfully trying to conceal his genitals, he fundamentally cannot be trying to expose them, and what you need for Oklahoma indecent exposure is trying to expose your genitals. Again, it was in inappropriate conduct. We're not an exposure crime, and that's the problem with the government's case here. Your brief focuses on willingly. Are you conceding that knowingly has been satisfied? We're not, Your Honor. It needs to be both willfully and knowingly, and I don't believe that we've ever indicated that he's knowingly exposed his genitals to anybody. He's, the entire time, our position consistently throughout the briefs has been he is moving his shirt downwards. He's holding his shirt downwards. His shirt is draped between his legs. This is the finding of the district court to try to conceal his genitals, and that is not consistent with a knowing exposure or a willful exposure. Well, the Oklahoma Code actually defines willingly, correct? It says, quote, simply willingness to commit the act. Why doesn't the evidence permit an inference that Mr. Griffin is willingly exposing himself? So willfully still requires deliberate and intentional conduct in Oklahoma. This is, you know, Miller v. State. I don't think it's in the briefing. I can cite it in a 28J letter, but what the government's talking about when they try to suggest that willfully, in a footnote in the answer brief, isn't, you know, as big of a deal as we might think about it, they're talking about kind of a sideshow issue of, do you need to know that what you're doing is against the law? Do you need to know what statute it's against? We're not talking about that. Statute just says simply willingness to commit the act. It's a purpose or, like, purposely or willingly. Well, is it purpose? I looked it up in Black's Law Dictionary. Black's Law Dictionary defines willful as a voluntary act that involves inexcusable carelessness. So wasn't Mr. Griffin inexcusably careless? Your Honor, in Miller v. State, which is not the Oklahoma Criminal Court of Justice, it defines the term willfully, this isn't a criminal case, as meaning intentionally, designedly, or without lawful excuse. Several times also in the citing references for indecent exposure in Oklahoma, the court has, in summarizing kind of generally the statute, referred to it requiring willful, intentional, and moved conduct. I don't think the government's even really disputing here that what's required is a deliberate and knowing exposure. I also don't think the government's disputing, and I could be wrong, that a deliberate and knowing exposure is inconsistent with trying to conceal your genitals. So I really think where this court should start, and maybe end, is with all of the significant evidence from the trial, some of it put forward by the government, which was operating under a different legal theory, that Mr. Griffin was consistently attempting to conceal his masturbation. And yes, of course, there's a point at the end when those attempts are no longer successful, and that's when there's an exposure that meets element three of the statute, but it doesn't meet element one. Was there just one exposure, and is that your position? That's my position, and I believe that's a district court's finding as well. There's a couple of video exhibits. That's true. I think it's Exhibit 8 that is the last one. The close-up of the end of Exhibit 7. If that showed more than one uncovering, uncovering, why wouldn't that show willfulness? Two things, Your Honor. I don't believe it shows that more than one uncovering. That wasn't the finding of the district court. It shows what it shows, but go ahead. Sure, and secondly, the finding is that during that period of time, the witnesses first see that he's engaging in some kind of inappropriate movement. Nurse Hughes refers to it as inappropriate movement, and the other officer refers to it as masturbation. At that time, it's not when they say there's exposure. They say it looks like he was And then there's some, he loses control of his shirt at some point near the end of Exhibit 8. You can see he's pulling up his pants a little bit, and at that point is when the exposure occurs. You can see his penis exposed underneath the t-shirt briefly, and then he covers it again. There's no, you know, like pulling the shirt away like the government represents in the answer brief. There's nothing like that visible in the video, and again, we have specific fact findings here from the district court, and this is what they say. They say both this is the quote, both correctional officers testified that it looked like defendant was trying to conceal what he was doing by draping his untucked t-shirt between his legs. The district court noted specifically that one of the officers testified that there's an informal rule among inmates that if you expose yourself to another inmate, that you're subjecting yourself to a risk of violence. The court notes this, says that the testimony of the officers was completely credible, and then it says, you know, with respect to the video evidence, exhibit seven, the longer video, shows periodic masturbation generally under his shirt, and then there is a clear exposure in exhibit eight. But there's no finding by the district court that he ever does anything more than unintentionally exposes genitals, and in fact, the district court specifically credits the witnesses as saying he is trying to conceal what he's doing. I thought the only thing he was challenging was whether he acted willfully and knowingly. That's correct, Your Honor. I didn't mean to suggest otherwise. There's no question about any of the other issues. We're not challenging the sufficiency of the evidence of exposure. I think we can all see on the end of exhibit eight that there's an exposure. It's in a place with other people around, and it's lewd. I don't think, you know, that's not what we're... It's pretty willful when you do it right there with all sorts of folks around. Or you could argue that, well, nurses see this all the time, so they weren't bothered by it. We're not challenging the element of offensive or annoying conduct, at least not on sufficiency of the evidence, Your Honor. We're just saying that simply being in public is not sufficient evidence if there is all this other evidence that what you were doing was trying to conceal your genitals. For an exposure crime, you need to want to expose your genitals, not just risk exposing your genitals, not just do something stupid that exposes your expose your genitals to be convicted under Oklahoma Indecent Exposure. It is not a public masturbation conviction. Well, if you're masturbating out in public, you've got to expect somebody to see something. I don't think... You have to do it knowingly. And you don't go out in the public and say, I'm going to hide this and then put it out for all to see. Your Honor, I don't think it's a decision that most people would make, but it's still not in a deliberate exposure if you think I'm going to masturbate and I'm going to conceal what I'm doing here. And I'm trying to. I'm pulling my shirt down and, you know, making sure my baggy shirt is draped over my genitals. Sorry, I might have missed your question. Let me, if your theory is correct, how do you account for the Oklahoma case upholding the conviction in Hanby? Sure. Yeah. So Hanby is a case where the defendant was seen fully naked outside masturbating and the witness is in a car. So she testifies that she doesn't specifically see his genitals. And the government represents this case as saying it's not sufficient covering to have your hand there. But that's not what the case says. The case just stands for the proposition that you can use circumstantial evidence to prove element three, exposure. So you didn't have to have eyewitness direct testimony of exposure to prove that there was in fact an exposure. That's what Hanby stands for. It's not a case about the mens rea element. It's not saying, you know, if you conceal yourself, you somehow still have exposed your genitals. It's just saying, I think you could reasonably infer that if someone's standing completely naked outside and they're masturbating, that the person in the car who didn't specifically see his genitals, that's enough proof that there was exposure. So that's what the Hanby case says. And really all of the Oklahoma cases cited by the government go more towards, or at least most of them go more towards this idea of can you prove element three with circumstantial evidence? And again, we are not challenging element three on appeal. We're saying they haven't proven to any reasonable fact finder beyond a reasonable doubt that he willfully and knowingly exposed his genitals. And that's because we have a finding and the witnesses said, and I think it's consistent with the video, that he's not willfully exposing his genitals. He has a shirt, he's pulling it over. There's no pulling back the shirt. You keep referring to the findings. Sure. What findings, what part of the record are you referring to? Sure. Sorry about that. It's volume three. It's about, I think it starts on page 69, could be 68. And it goes through about 71 are the factual findings that the district court makes. The defense had requested specific fact findings because we had made a judgment or asked for judgmental acquittal. And then I think it might go a few pages after that into the conclusions of law, but that's where I'm referencing. Can I just ask you a question about the time frame that's relevant here? Because I think it was exhibit seven is kind of a lengthy video. It's about an hour, right? That's correct. And the exhibit eight is just the last few minutes. But isn't the relevant time frame the hour? In other words, the exhibit seven, that he's engaged in this behavior, not just for a few minutes, but for off and on over the course of an hour. Sure. So the reason I'm focusing on the end section is because that's where the video shows exposure. It's where we have witness testimony corroborating the exposure. It's really where the strength of the government's case is to the extent that they can prove an exposure. The government does talk about those earlier moments of possible masturbation in exhibit seven. I think the district court credits that that appears to be masturbation. That's fine as far as it goes. But there's no substantial or really reasonable evidence shown in that video that he's exposed himself, let alone exposed himself willfully and knowingly. Doesn't the fact that he is sitting in that common area for the better part of an hour, all kinds of people milling around, off and on engaging in this behavior, why doesn't that lend at least some evidence for a finding of knowing and willing conduct? I think because throughout the exhibit seven and specifically in the points of time that the government references in an answer break, there's still a shirt covering what he's doing. He's still taking actions to conceal himself. And ultimately, you know, even if, and I don't concede this, you could reasonably infer that maybe he exposed himself at that time. Nothing in exhibit seven would allow any rational fact finder to see that beyond a reasonable doubt. And this court, I think, has put this efficiency standard really well in United States v. Rufai, and I'm sure I'm pronouncing that incorrectly, but there's really two components to it. There's the part that's harder for the defense counsel, and that's could a reasonable jury think that this person was guilty? But then there's the part that is equally important, which is could they think he was guilty beyond a reasonable doubt? And I don't think exhibit seven, the poor quality of the video, there's no close up point. There's no cooperating testimony. There's no findings from the district court. I don't see an exposure when I watch that video. I don't think that that could possibly meet sufficiency of the evidence where any rational fact finder could believe he was guilty beyond a reasonable doubt. And so that's why I would encourage this court, you know, to focus just on the end part, which is what was being discussed at the bench trial and the focus of the witness testimony. And even there, we have witness testimony saying he's trying to conceal himself. And I think that's consistent with the video. And here, the unreasonable fact finder was the district judge to whom this specific argument was made. Is that right? So the district judge, I understand, to be adopting the government's legal theory at trial, which is different than their legal theory on appeal. In the district court proceedings, the government doesn't seem to refute the idea that he's trying to conceal himself. Their theory is that it's sufficient to intentionally masturbate even in the open. I see him over time. Thank you. Even in the opening statement, I think the government counsel says, you know, he attempts to conceal himself, but it's not successful. And so the district court is saying, you know, he I think the sentence is he intentionally engaged in the conduct, which is masturbation, that resulted in exposure. So that's why we have a finding, like a conviction against us. But the fact findings, I think, actually support the fact that there is no willful unknowing exposure here. Thank you. May it please the court, counsel, Senator Bond for the United States. This appeal begins and ends with the appellate standard for sufficiency of the evidence. Appellate asked the court to flip that standard on its head and argues that because a trier of fact could possibly have drawn different inferences from a narrow view of the surveillance video, this court should draw that same inference in his favor. But the appellate standard for sufficiency of the evidence, which this court is well familiar with, asked not whether this court believes that the challenged element was proved beyond a reasonable doubt. Instead, it asked whether viewing all the evidence at trial in the light most favorable to the prosecution, including the reasonable inferences that can be drawn there from, could any rational trier of fact have found this challenge element of willfulness beyond a reasonable doubt? The battle over conflicting inferences took place at the trial. This court should not re-engage and re-evaluate those inferences to find which it prefers. Well, one argument being made is that the district court did in fact find willfulness, a willful exposure as opposed to willful masturbation. Well, I would disagree with that. I would disagree with that, both at the point where the court rejected the Rule 29 motion based on this, the same argument, the court concluded that there was, that this was a willful exposure. And in reaching its findings of fact, it also very clearly on pages 70 and 71 of the Rule 29, addresses what willfulness means. It addressed the question, considered the defense arguments and rejected those and concluded that this did show a willful exposure. And so this presents the key question here is, after reviewing the totality of the evidence, that Griffin willfully exposed himself when he masturbated with his pants, his penis out of his pants. Did the district court explain how it could say he was trying to conceal himself, but the exposure was willful? Did the district court explain that? That does seem somewhat inconsistent, doesn't it? I do not see it as inconsistent. And I believe the court below did not either. And as the United States argued below, that this actually goes to show more that this particular exposure was willful in that he had shown that at times he knew how to conceal it and at other times he chose not to. And he also, he was engaging in willful acts, going to Judge Kelly's point earlier, that resulted in an inevitable consequence of him exposing himself. When you take it into account of the totality of the circumstances, this is not just an isolated few seconds of a surveillance video that was presented to the court below. This involved prior interactions between Griffin and the officer, the female officer. From the moment she came on shift the evening of Valentine's Day in 2020, this defendant was harassing her, was following her around, was staring at her, was finding excuses to talk to her. He found a place where he could watch her through the office door. She grew uncomfortable, shut the office door. He found an excuse to reopen it and then return to his perch where he could watch and masturbate at her. Then the video shows an hour of masturbation. And as I see it, a few occasions where we're like in Hamby, we see a hand. It's a little difficult to see what is in the hand, but it's pretty clear from the motions what is in the hand. And then we also see exposures there. And then, counsel, was there one exposure or were there multiple exposures? You seem to argue in your brief that there are multiple exposures, but I'm not hearing that you'd make that argument that strongly right now. So I would say that there are multiple exposures. The record is apparent. It shows both the exposures of a penis held in the hand as well as a penis. One exposure right before this one, a couple of minutes before the key exposure is the principal exposure that the United States presented and that the court found was this exposure that occurred during the 58 minutes. Are you including this in exposure where the hand is visible, but what's in the hand is not? Are you considering that as one of the multiple exposures? Under the state versus Hamby, I would say yes. Aside from those exposures. Sorry? Aside from those exposures where it's not clear that you can see anything but the hand. So from this, how many exposures don't fit the description that you just gave when it's really the hand you see? So there is at least one other exposure where you can see the penis without the hand from the elevated angle of the surveillance camera. And now I will also point out that the testimony was not just that they saw the penis when he moved his hand, moved his shirt to the side, but also Officer Eubanks on page 22 of Volume 3 testifies that she saw he had his penis in his hand and was masturbating around this same time. The court gave credence to those, that testimony, and noted that that was very clearly what he was doing when that exposure happened. If you look at Volume 3 at page 59, the court found he was masturbating at the time. On the issue of Willfully, though, and this is from, I think, page 68, Volume 3, District Court said that the correctional officers, and I'm quoting, testified that it looked like defendant was trying to conceal what he was doing. Now, why isn't that evidence of willful concealment as opposed to willful exposure? So the evidence at trial showed that there was times where Mr. Griffin was attempting to conceal what he was doing, and that explains why he was able to masturbate at the officer for an hour. But what we have to look at, we have to remember, we're looking at the state of mind. So how is it proven? How do you prove state of mind? You present objective facts from which inferences can be drawn, and that's what the United States did below. Not only did we argue that this was a willful exposure at several points in the record at the time, we showed it by demonstrating the step-by-step incrementality of what Griffin was doing leading up to this moment where he exposed himself when the other inmates lined up for the pill distribution, had their backs to him. The two officers were 10 to 15 feet away from him, facing him, and he moves his shirt aside. And that presents the key. Do any of the Oklahoma cases involve a defendant trying to cover up? Yes. Actually, on this point, if you look at the Oklahoma cases, you can kind of see two categories. No, you can't see two categories of cases under the indecent exposure statute. You can see the cases where the defendant is trying to show himself, the blatant exhibitionist, State v. Kelly, and arguably State v. Hamby would fall into that as well. And then you have this other category where they're not trying to show themselves  They are, you can call this the surreptitious masturbator cases. And these are the, this would include CISC v. State, the peeping Tom masturbating at a window, as well as there are other peeping Tom masturbators. And then I would say nearly all of the automobile cases constitute some act of concealment. You could call it a mobile blind for this kind of. What's your best case, your best couple of cases then? In the second category. The best case would be the, I would say the Marshall v. State case. In that case, cited in a brief, the defendant was driving around and was only seen masturbating for a few seconds. The court noted that the car door was closed and that the car was turning at the moment that he was seen masturbating. And the defendant admitted to masturbating and then the court of criminal appeals found sufficient evidence to meet all the elements. Though the court then said, this is not an aggravated case where a pervert seeks to attract attention or consciously shows himself. Nevertheless, the court of criminal appeals found that all of the elements were met in this case. He was in a public place masturbating where there were others present to be offended thereby in such a manner that exposure occurred. And that is what the court mean by he didn't consciously expose himself. That would seem to be contrary to willfulness. So, that could be read to be contrary in a way. I would say it is not in that, it's focused more on to another person. And that's something that's not required. It's not required that this exposure be made targeting someone just as the statute says. If you look at the language, you know, that this exposure was willfully made in a place where there were persons present to be offended thereby. Does willful mean purposeful? So, willful means purposeful, yes. Under the Oklahoma statute defining willfulness. I would also say that purpose, again, this is a state of mind that we're trying to deduce. We can't just reach inside his mind to show this. We had to show each of these incremental facts from which a permissible inference of willfulness, purposeness was shown. And I would say that whether we're looking at this precise moment or otherwise, the conduct he engaged in evidenced the natural consequences of this knowing act that he is doing. As the court said in Ogle, it's common sense to say that a person intends the natural consequences of acts knowingly done. When you take into account the length of time, the proximity between these officers, the prior interactions and all of what's going on, that shows that there was, that there, it gives a permissible inference that the trial court ultimately made that this was a willful exposure. And under the standard for appellate sufficiency of the evidence, that's enough for this court to affirm the conviction. And so unless there are further questions, we ask the court to do so. As to the last point, the second issue that the United States conceded error on, the United States does not intend to reimpose this on remand and therefore ask the court to remand with instructions to vacate that condition. Thank you. Counsel had how much time? Minus 32 seconds. Shall we talk to you for 32 seconds? You subject you to that? Thank you. A case is submitted. Counselor excused.